# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Aaron Tompkins,<br><br>                Petitioner,<br><br>v.<br><br>Unknown Graber,<br><br>                Respondent. | No. CV-14-00222-PHX-DGC (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Jonathan Aaron Tompkins' ("Petitioner") amended Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody filed on April 2, 2014 (the "Petition") (Doc. 5). On June 19, 2014, Respondents filed their Answer (Doc. 13). Petitioner filed a Reply (Doc. 14) on July 7, 2014. The matter is deemed ripe for consideration.[1]

Petitioner is currently incarcerated at the Federal Correctional Institution in Phoenix, Arizona. Petitioner is serving 199 months pursuant to federal court judgments entered in 2004 and 2009. Before his federal incarceration, Petitioner served three years at a State of Florida correctional facility pursuant to a State of Florida judgment entered in 2005. In the Petition, Petitioner argues that the Bureau of Prisons (the "BOP") has

---

[1] The case was reassigned to U.S. Magistrate Judge Eileen S. Willett on November 14, 2014.

incorrectly determined that his 2004 federal sentence is to be served consecutively to his state sentence. The undersigned finds that Petitioner has failed to exhaust his administrative remedies and that the failure should not be excused. The undersigned further finds that the BOP properly calculated Petitioner's federal sentence. It is therefore recommended that the Petition be denied.

## I. BACKGROUND

On February 6, 2004, the State of Florida filed two criminal cases against Petitioner.[2] (Doc. 13-1 at 29, 33). On May 16, 2004, State of Florida law enforcement took custody of Petitioner for failure to appear in those cases. (*Id*. at 4). The State of Florida thereafter filed two additional criminal cases against Petitioner.[3] (*Id*. at 38, 49).

On June 15, 2004, while in state custody, Petitioner was indicted in the U.S. District Court for the Northern District of Florida.[4] The Court set an Initial Appearance

---

[2] Case No. 572004CF00127 charged Petitioner with (i) Constructive Possession of a Firearm by Convicted Felon and (ii) Grand Theft of $300 or more but less than $5,000. (Doc. 13-1 at 29). Case No. 572004CF00128 charged Petitioner with (i) Selling, Manufacturing, or Delivering, or Possessing with Intent to Sell, Manufacture, or Deliver, a Controlled Substance; (ii) two counts of Unlawful Possession of a Listed Chemical; (iii) two counts of Possession of Firearm, Ammunition when Subject to an Injunction against Committing Acts of Domestic Violence, Stalking, or Cyber stalking; (iv) Carrying Concealed Weapon or Electric Device; (v) Possession of a Controlled Substance; and (vi) multiple counts of Possession or Use of Drug Paraphernalia. (*Id*. at 33-34).

[3] Case No. 572004CF00539, filed on June 7, 2004, charged Petitioner with (i) Dealing in Stolen Property by Trafficking; (ii) Unarmed Burglary of Structure or Conveyance; and (iii) Grand Theft of $300 or more but less than $5,000. (*Id*. at 38). Case No. 57200CF001089, filed on October 22, 2004, charged Petitioner with (i) Aggravated Assault by Threat with Weapon or Firearm; (ii) Shooting at or Into an Occupied Vehicle; and (iii) Constructive Possession of a Firearm by Convicted Felon. (*Id*. at 40).

[4] *See* Case No. 3:04-cr-00069-LC (N.D. Fla. June 15, 2004), Doc. 1. The Court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be question." Fed. R. Evid. 201(b)(2). The docket and documents in Petitioner's criminal cases are public records of which we can take judicial notice. *See Trigueros v. Adams*,

for June 22, 2004.[5]  Pursuant to a writ of habeas corpus ad prosequendum, the U.S. Marshals Service (the "USMS") took custody of Petitioner for attendance at the Initial Appearance.  (*Id*. at 26).  After the Initial Appearance, Petitioner transferred between state and federal custody pursuant to successive writs of habeas corpus ad prosequendum. (*Id*. at 26-27).  On December 7, 2004, the U.S. District Court for the Northern District of Florida entered a judgment against Petitioner for violation of 18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Convicted Felon), and sentenced Petitioner to 103 months in prison (the "2004 U.S. District Court Judgment").  (*Id*. at 13-16).  The 2004 U.S. District Court Judgment did not specify whether the sentence was to run consecutively to or concurrently with other sentences.  The USMS returned Petitioner to the custody of the State of Florida for the completion of the state proceedings.  (*Id*. at 27).

On February 21, 2005, the Florida state court entered a judgment against Petitioner, which adjudged Petitioner guilty of multiple counts in all four state cases and sentenced Petitioner to three years in prison (the "2005 Florida State Judgment").  (*Id*. at 44).  The 2005 Florida State Judgment states that the state sentence is to run consecutively to any active sentence being served.[6]  Petitioner remained in state custody until October 19, 2007, when the USMS took custody of Petitioner for service of his federal sentence.  (*Id*. at 27).

On September 24, 2008, while incarcerated at the U.S. Penitentiary in Pollock, Louisiana, Petitioner was indicted in the U.S. District Court for the Western District of Louisiana for committing the offense of Assault Resulting in Serious Bodily Injury (18

---

658 F.3d 983, 987 (9th Cir. 2011) (taking notice of documents from petitioner's state court habeas petition); *Lopez v. Swope*, 205 F.2d 8, 11 n.2 (9th Cir. 1953) (taking judicial notice of records in habeas petitioner's case in another U.S. District Court, which set forth the indictment, conviction, and sentences for crimes referred to in habeas petition).

[5] *See* Case No. 3:04-cr-00069-LC (N.D. Fla. June 15, 2004), Doc. 6.

[6] *See* Case No. 3:04-cr-00069-LC (N.D. Fla. June 15, 2004), Doc. 60 at 5.

U.S.C. § 113(a)(6)) against another inmate.[7]  On June 9, 2009, the Court entered judgment against Petitioner for violation of 18 U.S.C. § 113(a)(6), and sentenced him to 96 months in prison to "run consecutive to any term of imprisonment he is currently serving."  (Doc. 13-1 at 21).

The BOP determined that Petitioner's federal sentence began on October 19, 2007, the date on which USMS took custody of Petitioner for service of his federal sentence. (*Id*. at 10).  Petitioner argues that this determination is contrary to the 2004 U.S. District Court Judgment, asserting that the Court intended the sentence to run concurrently with his State of Florida sentence.

In his Reply (Doc. 14), Petitioner states that he filed a Motion for Clarification[8] in the U.S. District Court for the Northern District of Florida regarding the 2004 U.S. District Court Judgment.  On July 24, 2014, Judge Lacey A. Collier, who issued the 2004 U.S. District Court Judgment, granted Petitioner's Motion for Clarification.[9]  Attached to the Order is Judge Collier's June 5, 2014 letter to the BOP.  In the letter, Judge Collier states that he did not intend to make the federal sentence run concurrently with the State of Florida sentence.  (*See* Attachment 1).

## II.  DISCUSSION

### A.  The Court has Jurisdiction Over the Petition

Federal courts are always "under an independent obligation to examine their own jurisdiction."  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  A federal court may not entertain an action over which it has no jurisdiction.  *Id*.  A federal court's

---

[7] *See* Case No. 1:08-cr-00258-DDD-JDK (W.D. La. Sept. 24, 2008), Doc. 1.

[8] *See* Case No. 3:04-cr-00069-LC (N.D. Fla. June 15, 2004), Doc. 58.

[9] *See* Case No. 3:04-cr-00069-LC (N.D. Fla. June 15, 2004), Doc. 59.  On September 8, 2014, Petitioner filed a Motion for Reconsideration of the Court's July 24, 2014 Order. (*Id*. at Doc. 60).  The Court denied Petitioner's Motion for Reconsideration on September 9, 2014.  (*Id*. at Doc. 61).

jurisdiction over a habeas petition depends on whether a federal prisoner is seeking to challenge the legality or the execution of his or her sentence.

Challenges to the *legality* of a sentence must generally be raised in the **sentencing court** by a motion to vacate under 28 U.S.C. § 2255. *See Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir. 2008). Challenges to the manner, location, or conditions of the *execution* of a sentence must generally be raised in the **custodial court** by a petition under 28 U.S.C. § 2241. *Id*. at 956. However, if a prisoner's remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention," then the prisoner may challenge the legality of a sentence through a Section 2241 petition filed in the custodial court. 28 U.S.C. § 2255(e); *Hernandez*, 204 F.3d at 864 n.2; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). This exception is known as the "savings clause" or "escape hatch." *Alaimalo v. U.S.*, 645 F.3d 1042, 1047 (9th Cir. 2011).

The "savings clause" exception is narrow and is only available when a petitioner (i) makes a claim of actual innocence and (ii) has not had an "unobstructed procedural shot" at presenting that claim in a Section 2255 petition. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006); *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The burden is on the petitioner to show that he or she satisfies both prongs of the exception. To satisfy the first prong, a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898; *Bousley v. United States*, 523 U.S. 614, 623 (1998). To satisfy the second prong, a petitioner must show that he or she never had the opportunity to raise a claim of innocence by a Section 2255 motion. *Ivy*, 328 F.3d at 1060.

Here, Respondents argue that Petitioner is actually challenging the "imposition or legality of his sentence, not its execution, because he is claiming that his Florida judgment does not accurately reflect his actual or intended sentence." (Doc. 13 at 13). Respondents assert that Petitioner's arguments are not properly raised in a Section 2241 petition.

Although Petitioner references federal law in arguing his interpretation of the 2004

U.S. District Court Judgment, Petitioner does not allege that the 2004 U.S. District Court Judgment is illegal or defective. In fact, Petitioner unequivocally states in the Petition that he is "arguing that the execution of his sentence is unlawful, not the imposition of the sentence." (Doc. 5 at 10). In his Reply, Petitioner reiterates that he is not challenging the "imposition of his sentence." (Doc. 14 at 2). Instead, Petitioner "claims that his sentencing court intended the sentence to run concurrent, but the BOP is thwarting that objective." (*Id.*).

As Petitioner explicitly asserts that he is challenging the execution, not the legality, of the 2004 U.S. District Court Judgment, the undersigned finds that the Petition is properly construed as a petition under Section 2241.[10] *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999) ("Although courts must construe pro se complaints liberally . . . courts should not undertake to infer into the case one cause of action when a complaint clearly states a claim under a different cause of action."). The U.S. District Court for the District of Arizona is the custodial court. Accordingly, the undersigned recommends that the Court find that it has jurisdiction over the Petition.

**B. Petitioner's Failure to Exhaust Administrative Remedies Should Not be Excused**

Federal prisoners are generally required to exhaust available administrative remedies before filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir. 1986). Yet the failure to satisfy the exhaustion requirement is not jurisdictional. *Tucker*, 925 F.2d at 332. The district court has the discretion to excuse the exhaustion

---

[10]An argument that the federal and state sentences *should have* run concurrently would be outside the scope of the Petition. That argument would challenge the legality of the 2004 U.S. District Court Judgment, and must be raised in a Section 2255 petition filed in the sentencing court (the U.S. District Court for the Northern District of Florida). Petitioner does not qualify for the "savings clause" exception as Petitioner does not allege that (i) he is actually innocent and (ii) has been hindered from pursuing a claim of innocence in a Section 2255 motion.

- 6 -

requirement if the administrative remedy is inadequate, ineffective, or if attempting to exhaust would be futile or cause irreparable injury. *Fraley v. United States Bureau of Prisons,* 1 F.3d 924, 925 (9th Cir. 1993); *United Farm Workers of America v. Arizona Agr. Emp't. Relations Bd.,* 669 F.2d 1249, 1253 (9th Cir. 1983). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *Montes v. Thornburgh,* 919 F.2d 531, 537 (9th Cir.1990)). Other considerations include (i) whether "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision" and (ii) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Montes*, 919 F.2d at 537.

The BOP has established an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Before filing a formal administrative grievance, an inmate is to "first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue. . . ." 28 C.F.R. § 542.13. A request for informal resolution is submitted using a BP-8 form. *See Nunez v. Duncan*, 591 F.3d 1217, 1219 (9th Cir. 2010). The formal grievance system under the Administrative Remedy Program consists of three levels of review:

1. In the first level of review, an inmate files a formal Administrative Remedy Request written on a BP-9 form. The BP-9 form must be submitted to the Warden within 20 calendar days following the date on which the basis for the Request occurred. 28 C.F.R. § 542.14.

2. If an inmate is dissatisfied with the Warden's response, the inmate may submit an appeal on a BP-10 form to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response to the inmate's Administrative Remedy Request. 28 C.F.R. § 542.15.

3. If an inmate is dissatisfied with the Regional Director's response, he or she

may appeal to BOP's General Counsel. 28 C.F.R. § 542.15.

In the context of a Section 2241 petition, the Ninth Circuit Court of Appeals has held that a petitioner's failure to exhaust administrative remedies may be excused where continuing the administrative appeal process would be futile. For example, in *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993), the BOP did not give a petitioner credit against her sentence for the seven months she spent under house arrest before her trial. To challenge that determination, the petitioner filed a "Request for Administrative Remedy" (the first formal level of administrative review) with the BOP. *Id*. at 925. The Community Correctional Office denied the petitioner's request, citing to official BOP policy. *Id*. The petitioner then filed a Section 2241 petition. Although the petitioner did not pursue the remaining two levels of administrative review, the Court excused the failure as "the Regional Director would almost certainly have denied [the petitioner's] request as well, citing the same official Bureau of Prisons policy." *Id*.

In *Ward v. Chavez*, 678 F.3d 1042, 1044 (9th Cir. 2012), the BOP deducted and applied a portion of a petitioner's prison wages to the petitioner's restitution obligation pursuant to the Inmate Financial Responsibility Program. The petitioner argued that under the terms of his restitution order, the BOP did not have the authority to collect restitution payments. In challenging the BOP's collection of the payments, the petitioner completed the first level of the BOP's formal administrative review system. *Id*. at 1045. The warden denied the petitioner's request, citing to official policy. The petitioner then filed a Section 2241 petition. After the district court dismissed the petition for the petitioner's failure to exhaust administrative remedies, the petitioner appealed to the Ninth Circuit Court of Appeals. The Court concluded that the BOP's reliance on official policy showed that further administrative appeals would "unquestionably have been denied." *Id*. at 1046. The Court therefore held that the petitioner's failure to exhaust was excused based on the futility exception. *Id*.

Here, Petitioner admits that he only filed a BP-8 form (request for informal resolution). (Doc. 14 at 1). Petitioner argues that his failure to exhaust his administrative

remedies should be excused because "continuing the administrative remedy process would have been futile." To support this argument, Petitioner cites to *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Yet unlike the petitioners in *Ward* and *Nunez*, <u>Petitioner did not complete **any** level</u> of the BOP's formal administrative review process before filing the Petition. The undersigned finds that excusing Petitioner's failure would encourage the deliberate bypass of the BOP's Administrative Remedy Program. Such bypass would not promote judicial efficiency, would deprive the BOP of the opportunity to utilize its agency expertise in addressing inmates' grievances, and would deprive the BOP of the opportunity to correct its own mistakes. *See United Farm Workers of America,* 669 F.2d at 1253 (purpose of the exhaustion doctrine is to allow an administrative agency to exercise its expertise over the subject matter and to allow an opportunity to correct any mistakes that may have occurred, thus avoiding unnecessary or premature judicial intervention into the administrative process).

The undersigned therefore recommends that the Court not excuse Petitioner's failure to exhaust administrative remedies. Even if Petitioner's failure to exhaust administrative remedies should be excused, Petitioner's claim should be denied on the merits as discussed below.

### C. The BOP Properly Calculated Petitioner's Sentence

After a defendant is sentenced, the BOP is responsible for determining (i) the date the federal sentence "commences"; (ii) whether the defendant should receive credit for time spent in custody before the sentence "commenced"; and (iii) whether the defendant should be awarded credit for "good time." 18 U.S.C. §§ 3585(a) and (b); 18 U.S.C. § 3621(b)(4); *see also United States v. Wilson,* 503 U.S. 329, 331-33 (1992) (BOP determines credit issues, not the district courts). Determination of the commencement date of a federal prisoner's sentence, as well as credit for prior custody, is governed by 18 U.S.C. § 3585:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives

> voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (bold in original); *see also Thomas v. Brewer*, 923 F.2d 1361, 1369 (9th Cir. 1991); *United States v. Segal*, 549 F.2d 1293, 1301 (9th Cir. 1977) ("a federal term cannot begin until a prisoner has been received by federal authorities."); *United States v. Graham*, 538 F.2d 261, 265 (9th Cir. 1976) ("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence.").

Pursuant to 18 U.S.C. § 3621(b), the BOP may designate a state prison as the place of service of a federal sentence, and it may make that designation *nunc pro tunc*. "Thus, when a person subject to a federal sentence is serving a state sentence, the [BOP] may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive." *Setser v. U.S.*, 132 S.Ct. 1463, 1467-68 (2012). However, "a designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." BOP Program Statement § 5160.05(8). Courts give the BOP considerable deference in determining whether to grant such requests. As explained by the Ninth Circuit: "a designation by the BOP is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." *Taylor v. Sawyer*, 284 F.3d 1143,

1149 (9th Cir. 2002), *abrogated on other grounds by Setser v. U.S.*, 132 S.Ct. 1463 (2012).

Here, Petitioner argues that the BOP failed to follow proper procedures in considering Petitioner's request for *nunc pro tunc* designation of the state sentence for service of his federal sentence. Specifically, Petitioner alleges that the BOP failed to ask the federal sentencing court if it has any objections to such a designation. (Doc. 5 at 14). Yet the BOP did make such an inquiry. Attached to Judge Collier's Order granting Petitioner's Motion for Clarification is a May 23, 2014 letter from the BOP to Judge Collier. The letter states that:

> [Petitioner] has requested that his federal sentence be served concurrently with the state term, which would be accomplished by the Bureau of Prisons (Bureau) designating the state institution for service of his federal sentence. . . .
>
> Such a retroactive designation is made if the federal sentencing Court indicates the federal term is to be concurrent with the state term, or if the federal sentencing Court does not state it's [sic] intention, such designation may be completed after the review of all factors under Title 18 U.S.C. § 3621(b).
>
> The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court. It is the Bureau's preference that the federal sentencing court state its position with respect to a retroactive designation. . . . Should the Court indicate the sentence is to run concurrent with the state term, the Bureau will commence the sentence on the date of imposition, which will result in [Petitioner's] release from custody on or about January 13, 2019. . . . Should the Court indicate the term is to run consecutive to the state term, he will continue to a current projected release date of June 21, 2022.

Case No. 3:04-cr-00069-LC (N.D. Fla. June 15, 2004), Doc. 59; *see* Attachment 1 at 3-5.

On June 5, 2014, Judge Collier responded to the BOP's letter, stating:

> This Court **objects to a retroactive designation** as the cases do not seem to be related.

- 11 -

> When this Court imposed its sentence of 103 months, the details of the charges and facts of the state case were unknown to the Court. **To have made the sentence concurrent with some unknown future sentence** in state court without intimate knowledge and understanding of the charges and the facts supporting those charges **would have been an abuse of discretion**. However, the state court in imposing its sentence had full knowledge and understanding of the charges, facts, and surrounding circumstances of the case. With this information, the court made a determination that the sentence should run consecutive or it would have stated it to be concurrent with the known federal sentence of which it had full knowledge. **I trust and accept the state court judge's judgment.**

Case No. 3:04-cr-00069-LC (N.D. Fla. June 15, 2004), Doc. 59; *see* Attachment 1 at 2 (emphasis added).

The USMS took custody of Petitioner for service of his federal sentence on October 19, 2007. (Doc. 13-1 at 27). Therefore, under 18 U.S.C. § 3585(a), Petitioner's federal term of imprisonment commenced on October 19, 2007. The time Petitioner spent in the State of Florida's correctional facilities between May 16, 2004 and his release to federal custody on October 19, 2007 was credited towards Petitioner's state sentence. (Doc. 13-1 at 44). 18 U.S.C. § 3585(b) prohibits the award of double credit. *U.S. v. Wilson*, 503 U.S. 329, 337 (1992) (stating that Congress made clear in Section 3585(b) that a defendant could not receive double credit for his detention time). Therefore, the time that was credited towards Petitioner's state sentence may not be credited to Petitioner's federal sentence.

Petitioner's claim in this case is that the BOP failed to comply with the 2004 U.S. District Court Judgment. The record shows that Petitioner's federal sentence is properly being served consecutive to his state sentence. The record further shows that the BOP properly calculated Petitioner's federal sentence. The undersigned therefore finds that the BOP did not fail to comply with the 2004 U.S. District Court Judgment and that the BOP properly concluded that Petitioner was not entitled to credit for the period of time that Petitioner served in the State of Florida's correctional facilities.

- 12 -

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that the Court deny and dismiss the Petition (Doc. 5) with prejudice.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 5) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right. [11]

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of

---

[11] A Certificate of Appealability ("COA") is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006 (9th. 2001). Although that is not the case here, in the event Petitioner files an appeal and the Ninth Circuit Court of Appeals concludes that a COA is required, the undersigned recommends that the Court decline to issue a COA because reasonable jurists would not find the recommended disposition of the Petition debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

1 | the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's
2 | recommendation.  *See Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 19th day of February, 2015.

_____
Eileen S. Willett
United States Magistrate Judge

# ATTACHMENT 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA

    VS                                                     CASE NO.    3:04cr69LAC

JONATHAN TOMPKINS

## REFERRAL AND ORDER

Referred to Judge Lacey Collier on   July 23, 2014
Motion/Pleadings:   MOTION FOR CLARIFICATION
Filed by  Defendant          on   6/26/14      Doc.#  58

RESPONSES:

                                  on                   Doc.#
                                on                   Doc.#

____ Stipulated     ____ Joint Pldg.
____ Unopposed     ____ Consented

JESSICA J. LYUBLANOVITS, CLERK OF COURT

*s/Mary Maloy*

LC (1 OR 2)             Deputy Clerk: Mary Maloy

## *ORDER*

*Upon consideration of the foregoing, it is ORDERED this 24th day of July, 2014, that:*

*(a) The relief requested is* ***GRANTED.***

*(b) See Attached.*

                                                            *s/L.A. Collier*
                                                      ***LACEY A. COLLIER***
                                       *Senior United States District Judge*

Entered On Docket: _____ By: __
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies sent to:_____

Document No.

**UNITED STATES DISTRICT COURT**

Northern District of Florida
United States Courthouse
One North Palafox Street
Pensacola, Florida 32502

**LACEY A. COLLIER**
Senior United States District Judge

June 5, 2014

Jose A. Santana
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

RE: JONATHAN AARON TOMPKINS
   Registration Number: 05894-017
   Case Number: 3:04cr69

Chief Santana;

Your letter of 23 May 2014 sought the Court's position on a retroactive designation in this case. This Court objects to a retroactive designation as the cases do not seem to be related.

When this Court imposed its sentence of 103 months, the details of the charges and facts of the state case were unknown to the Court. To have made the sentence concurrent with some unknown future sentence in state court without intimate knowledge and understanding of the charges and the facts supporting those charges would have been an abuse of discretion. However, the state court in imposing its sentence had full knowledge and understanding of the charges, facts, and surrounding circumstances of the case. With this information, the court made a determination that the sentence should run consecutive or it would have stated it to be concurrent with the known federal sentence of which it had full knowledge. I trust and accept the state court judge's judgment.

Yours truly,

Lacey A. Collier

LAC/drb



**U.S. Department of Justice**
Federal Bureau of Prisons

**Designation and Sentence Computation Center**

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

May 23, 2014

The Honorable Lacey A. Collier
Senior Judge of the U.S. District Court
  for the Northern District of Florida
One North Palafox Street, 2nd Floor
Pensacola, Florida 32502

**RE:  TOMPKINS, Jonathan Aaron**
      Register Number: 05894-017
      Case Number: 3:04cr69-001LAC

Dear Senior Judge Collier:

On November 23, 2004, Jonathan Tompkins, was sentenced by the Court to a 103-month term of confinement for Possession of a Firearm by a Convicted Felon. At the time the federal sentence was imposed, Mr. Tompkins was under the primary jurisdiction of state authorities in Florida. The respective Judgment in a Criminal Case was silent regarding any relationship with the forthcoming action in state court. Following sentencing, Mr. Tompkins was appropriately returned to state authorities and the U.S. District Court Judgment was filed as a detainer.

On February 21, 2005, Mr. Tompkins was sentenced by the State of Florida to a 3-year and 2-month term of imprisonment with a 3-year Firearm Minimum Mandatory in the following cases: Case Number 04CF00127 for Constructive Possession of a Firearm by a Convicted Felon and Grand Theft $300 or more but less than $5000; Case Number 04CF00128 for Sell, Manufacture, Deliver/Possess with Intent to Sell, Manufacture, Deliver Controlled Substance, Unlawful Possession of a Listed Chemical, Possession of a Firearm-Ammunition when Subject to Domestic Violence Injunction, Carry Concealed Weapon or Electric Device, Possession of a Controlled Substance, and Possession or Use of Drug Paraphernalia; Case Number 04CF00539 for Grand Theft $300 or more but less than $5000; and Case Number 04CF01089 for

Aggravated Assault by Threat with Weapon or Firearm, and Constructive Possession of a Firearm by a Convicted Felon.

On October 19, 2007, Mr. Tompkins satisfied his state obligation and was released to the federal detainer to commence the service of his federal sentence as provided by Title 18 U.S.C. § 3585(a).

On June 8, 2009, Mr. Tompkins was also sentenced in the United States District for the Western District of Louisiana to a 96-month term of imprisonment in Case Number 1:08CR00258-01 for Assault Resulting in Serious Bodily Injury. At the time of sentencing, the Court ordered the term to run consecutive to any term of imprisonment currently being served. In accordance with Title 18 U.S.C. § 3584, and Bureau of Prisons policy, this term has been aggregated with the 103-month term to form a single federal sentence of 199-months.

Mr. Tompkins has requested that his federal sentence be served concurrently with the state term, which would be accomplished by the Bureau of Prisons (Bureau) designating the state institution for service of his federal sentence. Such action would thereby reduce the total amount of time spent in custody. In Setser v. United States, __ U.S. __, 132 S.Ct. 1463, 192 L.Ed.2nd 455 (2012), the United States Supreme Court held that the authority to order a federal sentence concurrent or consecutive with any other sentence rests with the federal sentencing court.

Such a retroactive designation is made if the federal sentencing Court indicates the federal term is to be concurrent with the state term, or if the federal sentencing Court does not state it's intention, such designation may be completed after the review of all factors under Title 18 U.S.C. § 3621(b).

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court. It is the Bureau's preference that the federal sentencing court state its position with respect to a retroactive designation. If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case.

Should the Court indicate the sentence is to run concurrent with the state term, the Bureau will commence the sentence on the date of imposition, which will result in Mr. Tompkins' release from custody on or about January 13, 2019. The integrity of the consecutive 96-month term of imprisonment in the Western District of Louisiana Case Number 1:08CR00258-01 will be maintained. Should the Court indicate the term is to run consecutive to the state term, he will continue to a current projected release date of June 21, 2022.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Patrick Liotti, Management Analyst, at 972-595-3181.

Sincerely,

for Jose A. Santana
Chief

mgb
cc: Randall Joseph Hensel, AUSA
    Bryan E. Jansen, USPO